## Case No. 685.

### In re AYERS.

[6 Biss. 48.][1]

District Court, W. D. Wisconsin. April, 1874.

GUARANTOR—WHEN CANNOT PROVE DEBT — PARTICEPS CRIMINIS — PREFERENCE — RELEASING GUARANTOR—REVIVING LIABILITY.

1. The guarantors of a note, the holder of which had forfeited his claim against a bankrupt estate, have no right to prove against the estate, their liability having already been discharged by the act of the principal.

2. If the guarantors participated in the act by which their principal forfeited his claim,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

they occupy no better position, and cannot prove.

3. Where the holder has taken a preference, in fraud of the bankrupt act, and a recovery has been had against him by the assignee, payment of the judgment does not revive his right to prove against the estate; and by such preference he has released the guarantors, and they have no claim against the estate.

4. It seems, that a guarantor. not legally liable to the holder, cannot, by any subsequent promise, revive the liability of the estate.

In bankruptcy. Motion by the assignee to expunge the proof of debt filed by A. Prutsman and Charles H. Stowers as guarantors upon two notes of the bankrupt payable to one G. H. Gile, amounting to $2,049. The bankrupt and one Fallis being indebted to Prutsman & Stowers, and they owing Gile, the bankrupt, with Fallis, made notes payable to Gile for the amount of the debt due to Prutsman & Stowers, who then guaranteed them and delivered them to Gile.

Mariner, Smith & Ordway, for the motion.

These creditors had a security and they should release it before they can legally prove for the whole. In re Jaycox, [Case No. 7,242.] Their not holding the legal title to the security makes no difference. [Id. 7,242.] A surety or guarantor cannot prove a debt when the principal creditor cannot. Sigsby v. Willis, [Id. 12,849;] In re Ellerhorst, [Id. 4,381.] Gile could not prove without a surrender, and payment of the judgment was not a surrender. In re Tonkin, [Id. 14,094;] In re Richter, [Id. 11,803;] In re Stephens, [Id. 13,365.] Judgment against Gile for fraud. is res adjudicata as against these creditors, they being in privity with him. In re Richter, [supra.]

George W. Burnell, contra.

By rule 34 (1871) of the U. S. supreme court contingent liabilities must be proved in the name of the creditors if known. Creditors ignorant of a fraudulent conveyance to another party, but who afterwards express themselves as satisfied with it, may prove their claims. In re Chamberlain. [Case No. 2,574.] The case of Sigsby & Willis, [supra,] cited by the opposite counsel, was between partners, and is not in point.

HOPKINS, District Judge. From the evidence read on the hearing of the motion, it appears that within four months before the filing of the petition in bankruptcy, the bankrupt made a bill of sale of his lumber to Mr. Gile, to pay or secure the payment of these notes, and that the assignee brought suit in the United States circuit court for this district, against said Gile, for the recovery of the value of such property, on the ground that the sale was illegal and void as constituting a preference contrary to the provisions of the bankrupt act, and that he recovered a judgment therefor, which Gile afterwards paid. This motion is made on the ground

that, as Gile, the holder of the notes, could not prove the claim on account of his fraud in attempting to obtain a preference, the guarantors of the notes cannot do so. I think it is clear that Mr. Gile, by his effort to obtain and hold a fraudulent preference, forfeited his right to prove the debt or to participate in the bankrupt's estate. Section 39 of bankrupt act; In re Stephens, [Case No. 13,365;] Cookinham v. Morgan, [Id. 3,183.] The subsequent payment of the judgment was not a surrender within the meaning of section 23, so as to remove the disability and revive the right to prove his debt. Hood v. Karper, [Id. 6,664.]

If guarantors and indorsers may prove the debt or claim in such cases, notwithstanding the fraud of the holder, this provision of the law may be wholly avoided and rendered nugatory. But the supreme court of the United States, in the case of Bartholow v. Bean, 18 Wall. [85 U. S.] 635, recently decided, have laid down a proposition which I think must control this case. Justice Miller, who delivered the opinion, says: "It is very obvious that the statute intended, in pursuit of its policy of equal distribution to exclude both the holder of the note and the surety or indorser from the right to receive payment from the insolvent bankrupt. It is forbidden. It is called a fraud upon the statute in one place and an evasion in another." After stating that a holder of indorsed paper might refuse a tender of payment, and that such refusal would not exonerate the surety or indorser, because in refusing he would be but obeying the plain mandate of the bankrupt act, he says, "by receiving the money, the holder of the note makes himself liable to a judgment for the amount in favor of the bankrupt's assignee, *and loses his right to recover either of the indorser or of the bankrupt's estate.*" The italics are mine, made because of the great importance of the principle included and enunciated in that clause. That case, as I have before said, would seem to dispose of the question involved in this motion; for, if the holder of a note forfeits his claim as against the sureties by his fraud upon the bankrupt act, then these guarantors are not or would not be legally liable to Mr. Gile, and do not occupy the position of parties who are authorized, under section 19, [14 Stat. 525,] to prove their debts, as they are not "liable as bail, surety, guarantors or otherwise for the bankrupt;" so that, giving to the language of the opinion above italicized its natural and obvious meaning. this motion must be granted, for the facts of this case clearly bring it within the doctrine there announced.

In this case Mr. Stowers, who makes the affidavit or proof, says they are liable. Whether that statement was made under a misapprehension of the law, or they have voluntarily promised to pay the notes since, does not appear, and it is probably immaterial, for if they were not legally liable to the holder, after his fraudulent act, they cannot by any subsequent promise revive the liability of the estate to them. But it will be seen that section 19 authorizes parties liable for the debts of a bankrupt, who have not paid the same or any part thereof, to prove such debts only when the "creditor shall fail or omit to prove them." It would be an unwarrantable construction to give to those words, it seems to me, to hold that they covered the case of a creditor who had forfeited his right to prove his debt by his own fraudulent acts.

The doctrine enunciated in the opinion of the supreme court is not by any means new. It is only a new application of the old rule that every act of a creditor which extinguishes his remedy as against the principal absolves the surety, guarantor or indorser. But even if there is any question upon this view of the case, I think, upon another ground, this motion must be granted. The testimony taken and read on this motion shows that the guarantors themselves participated and assisted in obtaining the illegal preference of this claim, were participes criminis, and therefore occupy no better or different position than the holder, and cannot be permitted to prove the claim any more than he could. They were the parties "to be benefited," within the meaning of §§ 35 and 39 of the bankrupt act, and being actors in the illegal transaction, they must be excluded from all participation in the bankrupt's estate. The proof of the claim is therefore stricken out and expunged, and the register will strike these claimants from the list of creditors of the estate.