## Case No. 3,344.

### In re CRAMER.

[Cited in Re Jacobs, Case No. 7,159. Nowhere reported. Opinion not now accessible.]

---

## Case No. 3,345.

### In re CRAMER.

[13 N. B. R. 225;[1] 8 Chi. Leg. News, 106.]

District Court, D. Minnesota. Nov., 1875.

BANKRUPTCY—PREFERRED CREDITOR—PROOF OF DEBT.

A preferred creditor cannot prove his debt after the assignee has obtained a judgment against him setting aside the preference.

[Cited in Re Kaufman, Case No. 7,627; Re Reed, 3 Fed. 800; Re Graves, 9 Fed. 820; Re Cadwell, 17 Fed. 694.]

In bankruptcy. Kiefer & Heck, creditors of the bankrupt, made a settlement with him just previous to his bankruptcy, and received in full credit for their account certain merchandise and notes [to the full value of their claim].[2] The assignee in bankruptcy demanded the property from Kiefer & Heck, and upon a refusal to deliver commenced a suit against them, alleging a fraudulent conveyance and preference, contrary to the terms of the bankrupt act [of 1867 (14 Stat. 534)]. Upon a trial before a jury, the assignee recovered a judgment. Kiefer & Heck now seek to prove their claim before the register. Objection is made by the assignee, and the matter comes before the court for settlement.

J. B. & W. H. Sanborn, for claimant.
Rogers & Rogers, for assignee.

NELSON, District Judge. Section 5021 of the Revised Statutes authorizes the recovery by the assignee of all property received by a person having reasonable cause to believe that a debtor was insolvent, and knowing that a fraud on the bankrupt act was intended. Section 5128 defines the fraudulent preferences forbidden by the act; and section 5084 declares under what circumstances and when a creditor who has received a fraudulent preference may prove the claim on account of which the preference is made or given. The latter section forbids proof of a claim on account of which a preference is given until the creditor first surrenders to the assignee all property or advantage received under such preference. I think, in the light of these sections, inasmuch as judgment has been entered in favor of the assignee, in the suit brought against Kiefer & Heck, and

---

[1] [Reprinted from 13 N. B. R. 225, by permission.]

[2] [From 8 Chi. Leg. News, 106.]

the fraudulent preference clearly established, they are debarred from proving their claim. The assignee has been compelled to seek the aid of the court to recover the advantage sought to be obtained by these creditors; they contested his right to recover, and being defeated have constructively made themselves a party to the fraud, and the locus poenitentiae has passed; the payment of the judgment is not a compliance with the terms of section 5084. Although, in case of actual fraud a preferred creditor might prove for a moiety, he can do so only when he has fulfilled the requirements of section 5084, and made a surrender of the advantage obtained by the preference. In this case there is no actual fraud, and if these claimants had surrendered their advantage before suit, and perhaps before judgment, proof would have been allowed of their whole debt. The right of these creditors to prove a claim represented by a note for seventy-six dollars is not seriously contested. The objection of the assignee is sustained, except to that extent. Ordered accordingly.