## Case No. 13,352.

### In re STEIN.

[16 N. B. R. 569.] [1]

District Court, S. D. New York. Aug. 31, 1877.

**BANKRUPTCY—PREFERENCE—PROVING PREFERRED DEBT.**

1. A creditor who has received a preference contrary to the provisions of section 5084 of the Revised Statutes cannot prove his debt after the preference has been recovered from him by the assignee.

[Cited in Re Black, Case No. 1,459; Re Kaufman, Id. 7,627; Re Graves, 9 Fed. 821. Disapproved in Re Cadwell, 17 Fed. 693.]

[Distinguished in Jefferson County Nat. Bank v. Streeter (N. Y. App.) 12 N. E. 707.]

2. Where M., in pursuance of a scheme to obtain a preference for H., a creditor of the bankrupt, purchased logs of the bankrupt and subsequently took a transfer of a note held by H. *Held*, that he held such note as trustee for H., and that the acceptance of the logs was a preference.

[In the matter of Alexander Stein, a bankrupt. For another case involving this litigation, see Case No. 12,480.]

Dailey & Mackin, for assignee in bankruptcy.

Castner & Love, for Miller.

BLATCHFORD, District Judge. Section 5084 of the Revised Statutes provides, that every person who has accepted any preference, having reasonable cause to believe that the same was made or given by the debtor contrary to the provisions of the bankruptcy statute, shall not prove the debt or claim on account of which the preference is made or given, nor shall he receive any dividend therefrom, until he shall first surrender to the assignee all property, money, benefit, or advantage received by him under such preference. Section 12 of the act of June 22, 1874 [18 Stat. 180], among the causes for which a person may be put into involuntary bankruptcy, specifies as one, that, being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, he has made a payment, gift, grant, sale, conveyance or transfer of money or other property, estate, rights or credits, with intent to give a preference to one or more of his creditors, or with the intent, by such disposition of his

[1] [Reprinted by permission.]

property, to defeat or delay the operation of the bankruptcy statute, and then proceeds thus: "And if such person shall be adjudged a bankrupt, the assignee may recover back the money or property so paid, conveyed, sold, assigned or transferred contrary to this act, provided that the person receiving such payment or conveyance had reasonable cause to believe that the debtor was insolvent, and knew that a fraud on this act was intended; and such person, if a creditor, shall not be allowed to prove for more than a moiety of his debt; and this limitation on the proof of debts shall apply to cases of voluntary as well as involuntary bankruptcy."

If Miller was not a creditor when he accepted the logs, and so did not accept a preference, there is nothing to prevent his proving the debt he has proved by his amended proof. If he is to be regarded as a creditor accepting a preference, then, inasmuch as the preference has been recovered from him by the assignee in bankruptcy by suit, he must be regarded as having accepted the preference under the circumstances specified in section 5084, and as not having surrendered to the assignee the property he received under the preference, and so being barred by that section from proving such debt. How is his position affected by section 12 of the act of 1874? I see no conflict between the provisions of section 5084 and those of section 12 of the act of 1874. The meaning of the latter section seems to be, that although a person taking a preference may be in a position, under section 5084, to prove his debt, because he has made a surrender, he shall not even then prove for more than half of his debt, if the case is one of actual fraud on his part. Under section 5084, actual fraud is of no consequence, if there be a surrender. A suggestion made by me in Re Riorden [Case No. 11,852], which was not in point in that case, to the effect that the provision in section 12 applies only where there has been a recovery, is not, I think, on more careful consideration, well founded. I see no ground for holding that there was any intention in section 12 to provide for, or to recognize that there could be any proof of a debt after a recovery, it having been the settled construction, under section 5084, that there could be no surrender after a recovery. Section 12 calls its own enactment a "limitation on the proof of debts." It is such. It says that a person in a certain position shall not be allowed to prove for more than a moiety of his debt. It does not say that any one shall be allowed to prove a debt. The provision in section 5084 is, also, a limitation on the proof of debts. It says that a person in a certain position shall not prove his debt. Section 12 says, that "this limitation on the proof of debts shall apply to cases of voluntary, as well as involuntary bankruptcy." The limitation in

section 5084 applies to both classes of cases. The limitation in section 12 is a limitation added to the limitation in section 5084.

It only remains to consider whether Miller is a creditor accepting a preference. It is contended for him that, when he purchased the logs, he was not a creditor; that he took the transfer of the note from Hoyt after he purchased the logs from Stein; that he could not receive a preference unless he was a creditor at the time; and that he has done nothing to vitiate the note since he took a transfer of it. The answer to this view is that the evidence shows that the scheme was one devised by Miller to enable a preference to be obtained for a part of the note held by Hoyt, to the extent of the value of the logs which Miller obtained from Stein. It was indifferent to Miller whether he should pay Stein or Hoyt for the logs; but, if he should pay Hoyt, Hoyt would secure a preference pro tanto. The evidence shows that while Miller is the legal holder of the note, as respects the estate in bankruptcy, he holds it really as trustee for Hoyt, and that he obtained the logs really for Hoyt's benefit.

The amended proof of debts must be expunged.