## Case No. 10,148.

### In re NEWCOMER.

[18 N. B. R. 85: [1] 10 Chi. Leg. News, 347; 26 Pittsb. Leg. J. 3.]

District Court, N. D. Illinois. 1878.

BANKRUPTCY—PROVABLE DEBTS—SURRENDERED PREFERENCE.

The assignee recovered a judgment against a creditor for the value of goods taken by him, prior to the bankruptcy, in payment of his indebtedness. The creditor afterwards paid the amount of such judgment and costs, and proved his debt in the bankruptcy proceedings. On motion to expunge the claim, held, that such payment was a surrender of the preference, and that, in the absence of actual fraud, the creditor had right to prove his claim.

[Cited in Re Cadwell. 17 Fed. 694.]

[In the matter of Martin E. Newcomer, a bankrupt.] On motion to expunge claim.

F. C. Ingall, for assignees.
Baker & Dale, for creditors.

BLODGETT, District Judge. The assignees herein applied to the register, to whom the cause was referred, for an order for the reexamination of the claim of Field, Benedict & Co., of Chicago, filed herein. Upon testimony taken, and argument of counsel, the register expunged the claim, and objection being made by the creditors, the issue was certified to this court, pursuant to rule 35.

Newcomer was a merchant in Freeport,

in this state, and was indebted to Field, Benedict & Co. for goods sold him in due course of trade, and, as agent of Field, Benedict & Co., took pay for the amount of their bill in goods. Newcomer was declared a bankrupt soon after, and his assignee in bankruptcy brought suit and recovered the value of the goods so taken. No actual fraud was proven. There was probably enough to create a belief that Newcomer was insolvent, or likely to be so. Since judgment was rendered against Field, Benedict & Co., in the above suit, they have fully paid the sum and costs, and proved their debt in bankruptcy. Section 5021 provides: "And if such person shall be adjudged bankrupt, the assignee may recover back the money or property so paid, conveyed, sold, assigned or transferred, contrary to this act: provided that if the person receiving such payment, etc., had reasonable cause to believe that the debtor was insolvent, and knew that a fraud on this act was intended; and such person, if a creditor, shall not, in case of actual fraud on his part, be allowed to prove for more than a moiety of his debt." Section 5084 provides that a person who has accepted a preference' shall not prove his debt on account of which the preference is made or given, until he shall first surrender to the assignee all property, money, benefit, or advantage secured by him from said preference. The only question is whether, by payment of the judgment recovered against them for a preference, Field, Benedict & Co. have surrendered the preference received by them, within the spirit and meaning of section 5084. I think, there being no actual fraud, and the preference being only constructively fraudulent, these creditors have the right to prove their claim. The payment of the judgment is a surrender of the preference obtained. Motion to expunge overruled.