## Case No. 7,627.

In re KAUFMAN et al.

[19 N. B. R. 283;[1] 2 N. J. Law J. 231.]

District Court. D. New Jersey. Aug., 1879.

BANKRUPTCY—SALE BY MORTGAGEE—FRAUDULENT PREFERENCE—SUIT BY ASSIGNEE.

The claimant, who had for several years held a chattel mortgage executed by the bankrupts, took possession under the mortgage upon learning of their insolvency, and, within four months of the filing of the petition in bankruptcy, sold the property and became the purchaser at the sale. The assignee in bankruptcy brought suit against him, and recovered judgment for the value of the property, the jury finding that the claimant was guilty of actual fraud in obtaining and holding the preference. The judgment having been paid, the claimant proved his claim in full. On motion to expunge, *held*, that claimant could not prove his whole claim, but could prove a moiety thereof.

[Cited in Re Reed, 3 Fed. 800; Re Cadwell, 17 Fed. 694.]

[In the matter of Kaufman & Houck, bankrupts.]

A. Q. Keasbey, for assignee.

T. N. McCarter, for creditor.

NIXON, District Judge. This proceeding is on a rule to show cause why the claim of David Jones, against the estate of the bankrupts, should not be disallowed in whole or in part. The claim was proved and filed on the first day of February, 1879, for thirty thousand nine hundred and thirty-five dollars and sixty-eight cents, the price of certain goods, wares and merchandise sold and delivered by the claimant to the bankrupts at various times from the 8th day of October, 1873, to the 27th day of June, 1874, with the interest which had accrued thereon to the 12th day of December, 1874, when the petition in bankruptcy was filed. No question is raised that the money is not due, but the assignee insists that the claim should be expunged upon the ground that the creditor had forfeited his right to prove the debt against the estate, by reason of his attempt to maintain the validity of a chattel mortgage, which he endeavored to hold as security for the claim. The mortgage was executed by the bankrupts to the claimant in the month of December, 1871, at a time

---

[1] [Reprinted from 19 N. B. R. 283, by permission.]

when their indebtedness amounted to about fourteen thousand dollars, and was given to secure the debt, as well as all future advances to the sum of fifteen thousand dollars, and covered certain enumerated personal property then in their possession and all after acquired property. The mortgagee took possession under the mortgage in August, 1874, upon learning of the insolvency of the mortgagors; made sale of all the personal estate; became the purchaser at the sale; and while he was converting the same to his own use and before the expiration of four months, other creditors filed a petition of bankruptcy against the debtors and procured an adjudication and the appointment of an assignee, who, after demand and refusal to surrender, brought suit against the mortgagee and recovered a judgment for the value of the property, as having been conveyed in fraud of the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. The judgment has been paid in full, and the creditor now claims the right to prove his whole debt against the bankrupt's estate. Whether he is allowed to do so depends upon the proper construction of the twelfth section of the act of June 22, 1874 [18 Stat. 178], amending section 5021 of the bankrupt law. That amendment provides that where a preference has been given by payment, assignment, or transfer, and the debtor shall afterward be adjudged a bankrupt, the assignee may recover back the money or property so paid, assigned, or transferred, contrary to the act, provided that the person receiving such payment or conveyance had a reasonable cause to believe that the debtor was insolvent, and knew that a fraud on the act was intended; and such person, if a creditor, shall not, in cases of actual fraud on his part, be allowed to prove for more than a moiety of his debt, and this limitation on the proof of debts shall apply to cases of voluntary as well as involuntary bankruptcy.

No difficulty would arise if this amendment stood alone. The section, before the change, expressly prohibited any proof by a creditor who knowingly received a preference. There was a widely expressed desire to relax the vigor of such a provision. It was deemed a hardship to punish men with the loss of their whole claim because they made an effort to secure the payment of their honest dues. This amendment was passed; and the only limitation that it seems to put upon the proof of debts is the loss of one-half of the claim, when actual fraud was proved against the creditor, and if there was no actual fraud in the transaction, if the preference was only constructively fraudulent, the implication is irresistible, from the language used, that he should be allowed to prove his whole debt. But in making this change, congress evidently lost sight of the provisions of section 5084 of the Revised Statutes, which deprive the creditor who shall have accepted a preference from either proving his debt or receiving a dividend

until he shall have surrendered to the assignee all property, money, benefit, or advantage received by him under such preference. A creditor who holds on to a preference until he is compelled by due process of law to release his hold, cannot be said to have surrendered it. The term "surrender," as used in the foregoing section, imports a voluntary act. The late learned judge of the district court of the Southern district of New York (Blatchford), in Re Stein [Case No. 13,352], reconsidered a former suggestion made by him in Re Riorden [Id. 11,852], to the effect that the preference mentioned in section 12 of the amendment only applied where there had been a recovery, and held that there could be no surrender of a preference after a recovery by the assignee. Judge Nelson, of the district court of Minnesota, in Re Cramer [Id. 3,345], took the same view, and refused to allow certain creditors to prove at all, after a judgment had been entered against them establishing a fraudulent preference. On the other hand, Judge Lowell, of the Massachusetts district, in Re Black [Id. 1,459], dissents from this construction, and thinks the meaning of the statute, as amended, to be, that after a recovery of the damages and costs by the assignee the creditor may prove his debt, if he has not actively assisted in the fraud, and that where such active assistance appears, he may prove a moiety thereof; and this accords with the opinion of Judge Blodgett, of the Northern district of Illinois, in Re Newcomer [Id. 10,148] where, after an assignee had recovered a judgment for a fraudulent preference, he refused to expunge the proof of debt which the creditor subsequently made in the bankruptcy proceedings, on the ground that the case did not disclose actual fraud.

I incline to the construction given by the last-named judges. The case is not without its difficulties in either aspect, but the latter, in my judgment, more nearly harmonizes with the legislative intention. As the jury, on the trial, found that the claimant was guilty of actual fraud in obtaining and holding the preference, the rule to show cause must be made absolute, and the proof for the whole debt expunged. But the creditor will be allowed to prove for a moiety of his claim.