## In re CADWELL and others, Bankrupts.

*(District Court, N. D. New York.   1883.)*

CREDITOR PROVING CLAIM — FRAUDULENT PREFERENCE — ACTUAL AND CONSTRUCTIVE FRAUD.

A creditor who is guilty of no actual fraud is not debarred from proving his debt for the reason that his preference has been set aside by the judgment of the court for constructive fraud only.

In Bankruptcy.

*George W. Adams*, for assignee.

*John Lansing*, for creditor.

COXE, J.    This is an appeal from an order of the register expunging the proof of debt filed by the Jefferson County National Bank, founded upon three judgments which had previously been declared preferential and void for constructive fraud only.    *Brown* v. *Jefferson Co. Nat. Bank*, 19 Blatchf. 315; S. C. 9 FED. REP. 258.

The sole question is whether a creditor, who is guilty of no actual fraud, is debarred from proving his debt for the reason that his preference has been set aside by the judgment of the court.

In August, 1877, the district court for the southern district of New York decided that there was no conflict between section 5084 of the Revised Statutes and section 12 of the act of June 22, 1874; that a person who surrenders his preference under section 5084 may, even then, under section 12, be prevented from proving more than a moiety of his debt, if guilty of actual fraud; that section 12 placed another limitation upon the proof of debts, and did nothing more. In other words, that the amendment, instead of relaxing, made still harsher the terms of the original act.   *In re Stein*, 16 N. B. R. 569.

The register rests his decision wholly upon this authority. I find but one case decided subsequently in which a similar view is taken. *In re Graves*, 9 FED. REP. 816, (district court of Delaware, 1881.) See, also, *In re Cramer*, 13 N. B. R. 225, (district court of Minnesota, 1876.) On the contrary, the following authorities—two of them circuit court decisions—hold that it was the intention of congress, by the amendment of 1874, to distinguish between actual and constructive fraud, and remove the existing limitation upon the proof of debts by honest creditors. *Burr* v. *Hopkins*, 12 N. B. R. 211, (circuit court of Wisconsin;) *In re Black*, 17 N. B. R. 399, (district court of Massachusetts, 1878;) *In re Newcomer*, 18 N. B. R. 85, (district court of Illinois, 1878;) *In re Kaufman*, 19 N. B. R. 283, (district court of New Jersey, 1879;) *In re Reed*, 3 FED. REP. 798, (circuit court of Massachusetts, 1880.)

All of these decisions, with the exception of the first named, were rendered after the decision in the *Stein Case*. The reasoning of the learned judge in that case is referred to, reviewed, and disapproved. The construction contended for by the assignee, is, with great unanimity, rejected. It would hardly be profitable to restate the arguments upon this subject *pro* and *con;* they are very clearly and ably reviewed in the opinions referred to. The question is not free from doubt; each interpretation is surrounded with difficulties; but I am inclined to concur in the views expressed by Judges DRUMMOND, LOWELL, BLODGETT, NIXON, and CLIFFORD, as giving the most reasonable construction of the law. If the amendment had been stated affirmatively,—"and such person, if a creditor, shall, 'except' in cases of actual fraud on his part, be allowed to prove  *  *  *  his debt,"—there would be little difficulty in giving it force and effect, even though in conflict with some of the earlier provisions of the act. But is not the meaning the same, though the proposition is stated negatively? The law says that a guilty party shall "not be allowed to prove for more than" half his debt; is not the implication well-nigh conclusive that an innocent party may prove his entire debt? If this is not the meaning of the amendment, it is indeed difficult to imagine what the intention of congress was in adopting it.

The order of the register should be reversed and the expunged proof reinstated.