# Ferguson *v.* Greth.

*Bankruptcy law—Confession of judgment—Act of bankruptcy within the four months' limit.*

Under the 67th section of the national bankruptcy law of July 1, 1898, it is not the date of the warrants of attorney authorizing the entry of judgment, but the date on which the judgments are actually entered that fixes the time from which the four months' period begins to run.

Argued Feb. 26, 1900. Appeal, No. 47, Jan. T., 1900, by National Building and Savings Association No. 2, from order of C. P. Berks Co., Nov. T., 1899, E. D. No. 4, making absolute rule to show cause why a fund in court should not be paid to a trustee in bankruptcy, in case of Albert Ferguson et al. v. Darius P. Greth. Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to show cause why a fund realized from a sheriff's sale of real estate of Darius P. Greth should not be paid to Lewis T. Fry, trustee in bankruptcy.

It appeared from the record that on January 10, 1899, the National Building and Savings Association No. 2, entered judgment on two judgment bonds, one dated May 1, 1895, and the other dated March 25, 1896, against Darius P. Greth. On April 3, 1899, a petition for involuntary bankruptcy was filed, and on October 17, Greth was adjudged a bankrupt. On November 11, 1899, the sheriff sold Greth's real estate. Lewis T. Fry, trustee in bankruptcy of Greth, claimed the proceeds of the sale applicable to the payment of the above judgments.

The court made the rule absolute, ENDLICH J., filing an opinion which was in part as follows:

Under clause (*c*) the first important question to be settled in this case is, When is the proceeding which includes a judgment by confession to be deemed to have "begun"? The answer seems free from doubt: When the judgment is confessed of record, i. e., when the warrant for its entry is actually delivered to the prothonotary. See Polhemus's App., 32 Pa. 328. A legal proceeding is not begun when a party empowers an attorney to appear and act for him, but when the attorney, in pursuance of that authority, does appear and act for him. Of course, no question can arise as to the "beginning" of a judgment both authorized and entered within four months of the filing of the petition of bankruptcy. But it follows that a judgment by confession, treated as a legal proceedimg beginning somewhere, is "begun" within the four months if entered within that period, no matter when the instrument on which it is founded was executed.

*Error assigned* was the order of the court.

*D. Nicholas Schaeffer*, for appellant.— Under the bankruptcy act of 1867, a judgment note dated more than four months prior to the adjudication issued thereon within that time, is not ipso facto fraudulent: Sleek v. Turner, 2 Foster, 235.

Property transferred by a borrower at the time of receiving the loan, and for the purpose of making the loaner safe, is a security. Its validity if unaccompanied by positive fraud, is recognized and enforced in bankruptcy. But a transfer intended to enable one to secure payment of an antecedent debt is a preference if its effect is to give that creditor an advantage over others. If that is not its effect, it is a valid payment: Tiffany v. Boatman's Institution, 18 Wall. 375.

There is no evidence whatsoever of any intent on the part of Darius P. Greth to give the building association a preference, and it may be said with like application as was said in National Bank v. Warren, 96 U. S. 539, that "there is not proven a single fact or circumstance tending to show a concurrence or aid on the part of the debtor in obtaining the judgment or securing the payment of the debt."

*Isaac Hiester*, for appellee, cited Collin's Case, 2 Am. Bank.

Rep. 1, Booth's Case, 2 Am. Bank. Rep. 770, and Richards's Case, 96 Fed. Repr. 935.

PER CURIAM, March 26, 1900 :

In this case a petition in bankruptcy against the defendant Greth was presented on April 3, 1899, upon which a contest arose as to the fact of his insolvency which was followed by an adjudication of bankruptcy on October 17, 1899. The appellant's judgments were entered against him on January 10, 1899, and as that date was within four months of the time when the petition was filed, the case was brought directly within the express words of the 67th section of the present bankrupt law. It is very clearly and forcibly shown in the opinion of the learned court below, that it is not the date of the warrants of attorney authorizing the entry of judgment, but the date on which the judgments are actually entered that fixes the time from which the four months' period begins to run. We do not see any escape from the conclusion thus reached, and we therefore find that there was no error in the order making absolute the rule to show cause why the fund in court should not be paid to the trustee in bankruptcy.

Order affirmed at the cost of the appellant.