### In re SCHMECHEL CLOAK & SUIT CO.

(District Court, W. D. Missouri, St. Joseph Division. October 10, 1900.)

BANKRUPTCY—PROOF OF CLAIM BY GUARANTOR—EFFECT OF PREFERENCE.

    Under Bankr. Act 1898, § 57i, which entitles one whose individual undertaking secures the debt of a bankrupt, on the discharge of such undertaking, to be subrogated to the rights of the creditor against the estate of the bankrupt, his rights are measured by those of the creditor; and, where the latter cannot prove his claim without first surrendering a preference under section 57g, a guarantor who has paid the remainder of the debt since the adjudication is subject to the same condition, and can prove up the claim only on returning to the estate the amount of such preference.

In Bankruptcy. On exceptions to decision of referee.

Stauber, Crandall & Strop, for creditor.

J. B. Shackelford, for trustee.

PHILIPS, District Judge. The case certified to this court by the referee in bankruptcy for decision presents the single question: Where the principal creditor cannot prove up his claim against the bankrupt estate without first surrendering the amount of his preference, under section 57g of the bankrupt act, which declares that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," can the guarantor of the debt, who executed his note to the creditor for the balance of the debt after adjudication in bankruptcy, prove up against the bankrupt estate the amount of such payment without first returning the amount of such preference?

The bankrupt act treats of two classes of preferences: One is where the debtor has, within four months preceding the filing of the petition in bankruptcy, given a preference to the creditor, who, at the time of the payment or transfer, "shall have had reasonable cause to believe that it was intended thereby to give a preference." Such a preference "shall be voidable by the trustee, and he may recover the property or its value from such person." Section 60b. In such a case, I take it, the creditor thus practicing a fraud upon the bankrupt estate, with or without surrendering his preference, would not be heard to present his claim for the balance against the estate, and the surety or guarantor of such debt would be in no better position. This was the ruling under section 35 of the bankrupt act of 1867. Bartholow v. Bean, 18 Wall. 635–641, 21 L. Ed. 866.

The second class is where a creditor, within the prescribed four months, receives from the insolvent debtor a payment on his debt without notice of insolvency. The money or property thus received cannot be avoided and recovered back by the trustee. But the creditor cannot have his claim for the residue allowed against the bankrupt estate without surrendering to the estate the amount of such preference. Section 57g; In re Ft. Wayne Electric Corp., 39 C. C. A. 582, 99 Fed. 400. The case under review comes within the latter class. It is noticeable that the provisions of the bankrupt act of 1867 (14 Stat. 534, § 35) interdict preferences only, in the particular under consideration, where "the person receiving such payment," etc., "had reasonable cause to believe such person is insolvent, and that such payment," etc., "is made in fraud of the provisions of this act." Such payment, etc., was declared void, and recoverable by the assignee. This provision applied to preferences made within four months. It is then provided that if such person, "within six months before the filing of the petition by or against him, makes any payment," etc., "to any person who then has reasonable cause to believe him to be insolvent, or to be acting in contemplation of insolvency, and that such payment," etc., "is made with a view to prevent his property from coming to the assignee in bankruptcy, or to prevent the same from being distributed under this act, or to defeat the object of, or in any way impair, hinder, impede or delay the operation and effect, or to evade any of the provisions of this act, the sale," etc., "shall be void, and the assignee may recover the property," etc. The present bankrupt act has gone further. Section 3, subsec. 2, declares it to be an act of bankruptcy in a person to transfer, "while insolvent, any portion of

his property to one or more of his creditors, with the intent to prefer such creditors over his other creditors." As the insolvent debtor is to be presumed to intend the natural consequences of his act, the existence of intent in such case on the part of the debtor may be inferred prima facie from the fact of the transfer having been made "while insolvent." Therefore, under the present statute, it is, nevertheless, an act of preference, participated in by the creditor, for the insolvent debtor to make payment to him within the prescribed four months, although the creditor at the time of the acceptance of payment has not sufficient reason to believe the debtor insolvent, or that he is in fact receiving a preference. The only penalty, however, visited upon him is that he shall not be permitted to prove up his claim against, and participate in any dividends of, the estate until he returns what he has received. The underlying reason for this is found in the policy and purpose of the bankrupt law to produce absolute equality among all the creditors of the insolvent existing at the time. This equality could not be worked out if the preferred creditor could come in to share, pro rata, with the unpreferred creditors in the remaining assets of the estate without bringing into hotchpot his advancements. This reasoning was applied by the supreme court in Bartholow v. Bean, supra, against the surety on a note, and was also applied against the guarantor of a note in Re Ayers, 6 Biss. 48, Fed. Cas. No. 685. It is true that the ruling there was under the provisions of section 35 of the bankrupt act of 1867, but the reasoning of the cases is not inapplicable to the present case. The present bankrupt act has made provision for a surety or guarantor in section 57i, as follows:

"Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

Congress having thus, by statute, made an express provision on this subject, under well-settled rules of construction, it is conclusive of any other rule or method. The claim of the creditor being "secured by the individual undertaking of" the guarantor, if the creditor fail to prove up the debt against the estate the guarantor could "do so in the creditor's name," or having, as he claims, discharged "such undertaking" by executing to the creditor his individual note for the balance thereof, "he shall be subrogated to that extent to the rights of the creditor." Unquestionably, had he pursued the first course, of presenting the debt "in the creditor's name" for allowance, he could have done so only by bringing to the estate the amount of the preferred payment. Having chosen, after the adjudication in bankruptcy, to discharge his collateral undertaking, he can only "be subrogated to that extent to the rights of the creditor." What would be the rights of the creditor? The same section of the statute (subsection g) makes answer: "The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." The term "subrogated" has a well-defined meaning in equity jurisprudence, which it is to be presumed was well understood by the able lawyers who framed this statute. Subroga-

tion would invest him with the rights and securities of the party in whose stead he was placed, and gave him no more and no less.

In the respect of preserving the just equality among all creditors, contemplated by the bankrupt law, the attitude of the guarantor is in no wise different from what it would be if the insolvent debtor, instead of making payment to the creditor, had turned the money over to the guarantor for his protection within the four months. In either case the guarantor would receive the benefit of the preference, and diminish his liability on his guaranty to that extent. The ruling of the referee in bankruptcy having been in accordance with the foregoing views of the court, the exceptions thereto are overruled, and the finding of the referee is affirmed.