In re GRETH.

(District Court, E. D. Pennsylvania. February 3, 1902.)

No. 96.

BANKRUPTCY—PREFERENCE—SURRENDER—ALLOWANCE OF CLAIM.

A creditor entered judgments by confession against one who was adjudged a bankrupt on a petition filed within four months thereafter. The creditor contested his right to a lien on real estate of the bankrupt with the trustee until a final judgment of the supreme court of the state in favor of the trustee. The creditor then proved his claim on the judgments before the referee, the proofs stating, "The preferences sought by the entering of said bonds are hereby surrendered." The allowance of the claim was resisted on the ground that claimant had not surrendered, but had been unwillingly deprived of, his preference. *Held*, under Bankr. Act, § 57, cl. g, providing that the claims of creditors who have received preferences, and have not surrendered them, shall not be allowed, the claim should be rejected, there having been no voluntary surrender by the claimant.

In Bankruptcy.

Isaac Hiester, for trustee.

D. Nicholas Schaeffer, for creditor.

J. B. McPHERSON, District Judge. The question to be decided arises upon the following facts: On January 10, 1899, the National Building & Savings Association entered two judgments by confession against the bankrupt in the court of common pleas of Berks county, whereby the association obtained liens upon his real estate. Within four months thereafter a petition was filed in bankruptcy, upon which an adjudication was afterwards entered. The real estate of the bankrupt was sold under process issued upon a mortgage preceding the judgments referred to, and the fund was brought into the court of common pleas for distribution. Before that court both the trustee in bankruptcy and the building association claimed so much of the fund as was found to be applicable to these judgments. The court of common pleas awarded the money to the trustee, holding that the judgments were a preference, and therefore voidable, under section 67, cl. c, of the bankruptcy act. From this decree the building association appealed to the supreme court of Pennsylvania, but the order of the common pleas was affirmed. Ferguson v. Greth, 195 Pa. 272, 45 Atl. 735, 78 Am. St. Rep. 812. This final judgment was entered upon March 26, 1900, and on the 3d day of May following the association proved its claim upon the two judgment bonds before the referee, the proof containing the following sentence: "The preferences sought by the entering of said bonds are hereby surrendered." When the referee came to distribute the estate of the bankrupt, the allowance of the claim was resisted upon the ground that the association had not surrendered, but had been unwillingly deprived of, its preferences, and therefore that the claim could not be allowed. The referee overruled the objection, and has certified his action for review.

The questions—what was the surrender of a preference, and when

it might be made—arose frequently under the act of 1867. The courts were divided in opinion, as will be seen by the following quotation from Coll. Bankr. (3d Ed.) 319:

"The question what constitutes a surrender has received much discussion. It is admitted by all that if the assignee is compelled to bring an action to invalidate a transfer, and if he recovers and enters up a judgment, no subsequent payment of that judgment by the preferred creditor and no subsequent compliance by him with its terms can be considered a surrender. By his judgment the trustee has 'recovered' the property. In legal effect, the transferee no longer has anything to surrender. In re Tonkin, 4 Nat. Bankr. R. 52, Fed. Cas. No. 14,094; In re Richter's Estate, 4 Nat. Bankr. R. 221, 1 Dill. 544, Fed. Cas. No. 11,803. But how far the proceedings instituted to recover may proceed, and the right still be left in the transferee to surrender, is a point upon which the authorities are greatly at variance. Thus, in Re Lee, Fed. Cas. No. 8,179, 14 Nat. Bankr. R. 89, Judge Wallace, of the Northern district of New York, said: 'I have repeatedly held that a voluntary surrender [by a preferred creditor] is a prerequisite to the right to prove, and that it is too late for the credit r to avail himself of the privilege after he has elected to contest the assignee's title to the money or property preferentially received.' Judge Blatchford, of the Southern district of New York, however, held, in many cases, views somewhat different from those of Judge Wallace. In re Ricrden, Fed. Cas. No. 11,852, 14 Nat. Bankr. R. 332, was a case which came before him in which the preferred creditor surrendered his preferences pending the action. The court said:

" 'That surrender was accepted, and the assignee discontinued the suit voluntarily, and thereby is estopped from alleging that there was no surrender. The assignee might have refused to accept the surrender or to discontinue the suit, except on condition that he should have the same benefit of objecting to the proof of debts as if the money had been obtained as a result of recovery. But he imposed no such condition. If he had imposed it, and it had been refused, he might have gone on with the suit, in order, in case of his recovering it, to exclude the proof of the debt. Having waived a recovery, he thereby waived the right to exclude the proof of debt.'

"On the other hand, numerous decisions laid down the rule that a preferred creditor might surrender his preference at any time bef re the actual entry of judgment against him. Compare the following cases cited in the brief by attorneys for preferred creditors: In re Riorden, supra; In re Montgomery, Fed. Cas. No. 9,727, 3 Ben. 567, 3 Nat. Bankr. R. 429; In re Kipp, Fed. Cas. No. 7,836, 4 Nat. Bankr. R. 593; In re Tonkin, supra; In re Davidson, Fed. Cas. No. 3,599, 3 Nat. Bankr. R. 418; In re Scott, 4 Nat. Bankr. R. 414, Fed. Cas. No. 12,518. Compare, also, In re Richter's Estate, supra; In re Cramer, 13 Nat. Bankr. R. 225, Fed. Cas. No. 3,345; In re Leland, Fed. Cas. No. 8,230, 9 Nat. Bankr. R. 209. In the case of Burr v. Hopkins, Fed. Cas. No. 2,192, 12 Nat. Bankr. R. 211, a preferred creditor surrendered his preference after an opinion had been given by the court and after findings of fact had been made, but before the actual entry of judgment. It was held by the United States circuit court for the Eastern district of Wisconsin that this was a surrender authorizing the one making it to prove his claim. The extent to which the courts have admitted the right of a preferred creditor to surrender may be seen by a consideration of the decisions in Zahm v. Fry, Fed. Cas. No. 18,198, 9 Nat. Bankr. R. 546, and Hood v. Karper, Fed. Cas. No. 6,664, 5 Nat. Bankr. R. 358, in which cases it was held that, where there was no actual fraud on the part of the preferred creditor, he should in equity have an opportunity of considering whether he would surrender his preference and pay the costs and expenses of the suit, and that the court might properly suspend the entry of the decree to give him an opportunity to do so. The surrender must be to the trustee, not to the bankrupt. In re Currier, Fed. Cas. No. 3,492, 13 Nat. Bankr. R. 68. It is not necessary to surrender a preference except in order to enable one to prove his claim against the party who made the preferential transfer. Thus, if a creditor has received a preference from a firm composed of two persons,

but has an individual claim against one of them, he may prove the latter without surrendering his preference. In re Comstock, Fed. Cas. No. 3,079, 12 Nat. Bankr. R. 110."

See, also, Loveland, Bankr. 258. Under the present act, I know of only three or four cases in which the subject has been considered. The first is In re Richard, 94 Fed. 633, 2 Am. Bankr. R. 512, where it was decided that the debt might be proved, although the lien which the creditor had obtained by the issuing of execution had been declared void. The ground upon which the decision rests will appear from the following quotation:

"Respondents have attempted to gain an advantage, and failed. The respondents must pay the costs in the state court, and refund what has been collected under these proceedings. They are still creditors of the bankrupt, after a fruitless fight. They have gained no advantage and acquired no lien, but are still creditors unsecured. Should they be punished by a loss of their debts because they were vigilant? The law does not so provide. It favors vigilance, especially when untainted with fraud. The cases cited under the act of 1867 do not apply. In most of them the creditor had gained a preference which he would not surrender, or made himself party to an actual fraud, and such would be the law under section 57 of the act of 1898. Respondents have received no preference and been parties to no actual fraud, but only to such fraud on the operation of the bankrupt act as vitiates their proceedings. They are creditors, and, on a surrender of the amount collected of the bankrupt estate, are entitled to prove their claims as other unsecured creditors."

A contrary decision is In re Owings (D. C.) 109 Fed. 624, the reason for the court's decision being thus stated:

"That the bank obtained possession of the property of the insolvent in fraud of the bankrupt act, with knowledge of the insolvency of the debtors, and the right of the trustee to avoid the transfer and recover the property or its value, has passed in rem judicatam by the judgment in the state circuit court, and cannot be questioned in this proceeding. The only important question, therefore, for determination on this review, is whether or not a creditor who knowingly receives a preference from a bankrupt, which he is compelled to account for at the end of a lawsuit against him by a trustee in bankruptcy, can then present and have against the bankrupt's estate the debt for the payment of which he took and converted the property of the bankrupt, under circumstances constituting the act a fraudulent preference. In re Schmechel Cloak & Suit Co. (D. C.) 104 Fed. 64, it was said by the court that: 'In such a case, I take it, the creditor thus practicing a fraud upon the bankrupt estate, with or without surrendering his preference, would not be heard to present his claim under section 35 of the bankrupt act of 1867. Bartholow v. Bean, 18 Wall. 635–642, 21 L. Ed. 866.'

"It was not necessary to the decision of that case to go to the extent of holding that such creditor, even by surrendering his preference, if timely done, could not present his claim for allowance against the estate. But it is the well-settled rule in bankruptcy that where the assignee or trustee is compelled to resort to an action to invalidate and set aside the transaction, and recovers judgment therein, 'no subsequent payment of that judgment by the preferred creditors, and no subsequent compliance by him with its terms, can be considered a surrender. By his judgment the trustee has recovered the property. In legal effect, the transferee no longer has anything to surrender.' Coll. Bankr. (3d Ed.) 313, and citations. The offer of the bank to account for $900 was nothing more than an offer of compromise. Such a creditor cannot fix the value of the property which he has received as a preference, and call that an offer of surrender, when it is not accepted by the trustee for the reason that it is of less value than the property received, and compels the trustee to proceed with the litigation to establish

the fact that he has offered to surrender less property than he received. From the beginning to the end, such creditor is a wrongdoer, and he can only come into court for an allowance against the estate with clean hands, and his hands are not clean, within the meaning and spirit of the bankrupt act, so long as he refuses, voluntarily, to unclasp them, and turn over to the estate all he had wrongfully taken and withheld from it."

The subject is also discussed in Re Keller, 109 Fed. 126, 127, 6 Am. Bankr. R. 344, 345, where it is said:

"If a creditor, having received a preference, surrenders the same to the trustee, he is allowed to prove his entire claim, just the same as though no preferential payment had been made there n. If, however, a creditor, having received a preference under circumstances enabling the trustee to recover the same, does not surrender the same, and thus compels the trustee to incur the cost and expense of a suit in order to recover the preference, then the creditor will not be permitted to prove his claim. As was said in Re Richter's Estate, 1 Dill. 544, Fed. Cas. No. 11,803:

"'A creditor who receives goods by way of fraudulent preference, and who refuses the demand therefor which the assignee is authorized to make, denies his liability, allows suit to be commenced by the assignee, defends it, goes to trial, is defeated, and judgment passes against him, which he satisfies on execution, cannot be said, within the meaning of the statute, to have surrendered to the assignee the property received by him under such preference. He has surrendered nothing. He accepted a fraudulent preference, and defended it to the last. Paying a judgment which he stoutly resisted, and from which he could not escape, is not such a surrender as the statute contemplates. To hold that it was would be against the spirit of the statute, which is to discourage preferences. Such a holding would manifestly encourage them, for, if the transaction should be upheld, the creditor would profit; if overthrown, he would lose nothing, and stand upon an equal footing with those over whom he had attempted to secure an illegal advantage, and whom he has, by litigation, delayed in the collection of their claims.'

"Notwithstanding the difference in the language of the acts of 1867 and 1898, the purpose of the latter act is identical with that of the earlier enactment with reference to preferences; and the reasoning of Judge Dillon in the case just cited, wherein he held that the creditor could not contest with the assignee, and then, being defeated, prove up his claim, upon the theory that he had surrendered the preference received, is applicable to the present act. It would certainly be wholly inequitable to hold that a creditor who has received a preference from an insolvent debtor can refuse to account therefor, and after causing the other creditors the delay, cost, and expense of litigation, after being defeated therein, can still prove up his claim, and take an equal share in the proceeds of the estate after depleting the same in the manner stated. Contesting the claim of the trustee, and paying back the preference in obedience to the process of the court, is not a surrender, within the meaning of clause g of section 57. Therefore there is this difference between a preferred creditor who surrenders the preference and a preferred creditor from whom the preference is recovered by the trustee. The former, having voluntarily surrendered the preference received, is entitled to prove up his entire claim, and share with the other creditors. The latter, having refused to surrender, cannot prove the claim or share in the estate."

Between these conflicting views, it seems to me that the latter is to be preferred. In my opinion, the bankruptcy act contemplates a voluntary surrender by the preferred creditor; and although it may be, if the decisions under the act of 1867 are to be followed, that he may surrender the preference at any time before final judgment in the suit that attacks the preference, I think no authority can be found which holds that after a litigation has been

carried to the point of final judgment, and after the payment, actual or virtual, of such a judgment by the creditor, he may still prove his debt as if the contest had never taken place. Under the amendment of 1874 to the bankrupt act of 1867, it was held that a creditor who had innocently received a preference was entitled to prove for his whole claim after the preference was set aside. In re Cadwell (D. C.) 17 Fed. 693. But there is no such provision in the present act, and the decisions under the amendment of 1874 do not apply. It is to the amendment of 1874, and to the cases decided under its provisions, that Loveland refers on page 260, where he makes the statement: "The later and better authority, however, holds that the creditor may prove his debt even after a recovery has been had against him for a preference, in the absence of actual fraud." This statement may mislead, unless the cases cited in support of it are examined. I see nothing elsewhere in the act of 1898 to mitigate the penalty denounced in section 57, cl. g, against the failure to surrender a preference. The penalty is in express terms that the claims of creditors who have received preferences, and have not surrendered them, "shall not be allowed," and I think it to be my duty to obey these plain and unambiguous words.

The allowance of the association's claim is therefore set aside, and the referee is directed to make distribution of the fund in accordance with this opinion.